UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED SCENIC ARTISTS, LOCAL USA
829, IATSE,

                                          Petitioner,

                -v-

JOEY PARNES, JOEY PARNES
PRODUCTIONS LLC, *and* BROADWAY
RHYTHM & RHYME LLC,

                                      Respondents.

25 Civ. 143 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Petitioner United Scenic Artists, Local USA 829, IATSE (the "Union") seeks confirmation of an arbitral award issued against respondents Joey Parnes, Joey Parnes Productions LLC, and Broadway Rhythm & Rhyme LLC. Dkt. 8 ("Petition" or "Pet."); Dkt. 8-2 ("Award"). Respondents are employers bound by a Collective Bargaining Agreement ("CBA") with the Union. Dkt. 24-4 (copy of agreement). On January 8, 2025, the Union commenced this action, pursuant to Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185; *see* 9 U.S.C. § 9.

For the following reasons, the Court grants the Union's unopposed motion to confirm the Award.

**I.    Background**

    **A.    The Parties and Their Agreements**

The Union is a collective bargaining representative of designers employed by theatrical productions, including in Broadway theaters in New York, New York. Pet. ¶¶ 4, 8. Respondents are producers of live theatrical shows, and employers within the meaning of the LMRA. *Id.*

¶¶ 5–8. In 2023, respondents presented a Broadway show called *Bob Fosse's Dancin'*. *Id.* ¶¶ 9, 13; Dkt. 8-1, at 165.

Salient here, the CBA between the Union and the Broadway League, a trade association that includes respondents, governed the terms of employment for designers on *Bob Fosse's Dancin'*. Pet. ¶ 8. It provides that if any "dispute . . . involving a claimed breach of any of the terms and conditions" of the CBA is not amicably resolved by the parties or a grievance committee, or if no grievance committee meeting is held within 30 days of a request for a meeting, either party may file a request for a "final and binding arbitration." Dkt. 24-4, at 52. The CBA designates four arbitrators, including Martin Scheinman, to conduct such arbitrations. *Id.* at 52–53.

### B. The Arbitral Award

The underlying dispute arose as to whether respondents owed payments under the CBA to several individuals represented by the Union for design services rendered in connection with *Bob Fosse's Dancin'*. *Id.* ¶ 11; Award at 2. The payments at issue consisted of fees, advances, pension and health contributions, and union dues. *See* Pet. ¶ 11.

After the parties failed to resolve their dispute before an industry grievance committee, the Union initiated arbitration before Arbitrator Scheinman. *Id.* ¶¶ 12–14. On August 1, 2024, the parties entered into a joint stipulation in lieu of an arbitration hearing. *Id.* ¶ 16. It sets out jointly stipulated facts and remedy, to wit, a payment of $202,682.53 by respondents to the Union. *Id.*

On October 21, 2024, Arbitrator Scheinman issued a consent award in the Union's favor. *See* Award at 2–6; Pet. ¶ 19. The stipulated facts, Scheinman found, supported the stipulated-upon remedy under the CBA. *See* Award at 2–4. He ordered respondents to pay the Union

$202,682.53, representing fees, advances, pension and health contributions, and union dues. *See id.*

### C. This Action

On January 8, 2025, after respondents failed to comply with the Award, Pet. ¶ 20, the Union filed the instant petition to confirm the Award, and a memorandum of law in support, Dkt. 8. On January 14, 2025, the Court ordered respondents to file their response to the Petition by February 25, 2025. Dkt. 15. On January 17, 2025, the Union effected service on respondents. Dkts. 16–18. On January 21, 2025, the Union moved to confirm the Award, Dkt. 23, and filed a supporting declaration, Dkt. 24 ("Pordy Decl."). On March 11, 2025, the Union filed a further memorandum of law in support of its motion to confirm. Dkt. 27.

To date, respondents have not opposed the petition or otherwise appeared in this case.

## II. Discussion

### A. Applicable Legal Standards

"Arbitration awards are not self-enforcing." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (cleaned up). Instead, "they must be given force and effect by being converted to judicial orders by courts." *Id.* The FAA provides a "'streamlined' process for a party seeking 'a judicial decree confirming an award.'" *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865, 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (citation omitted). "The showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d

3

9, 12 (2d Cir. 1997) (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference.").

A motion to confirm an arbitral award against a party that has failed to appear in the action is evaluated under the legal standards applicable to a motion for summary judgment. *See D.H. Blair*, 462 F.3d at 109–10. To prevail on such a motion, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (citation omitted)).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). In reviewing an unopposed motion for confirmation of an arbitral award, a court

> may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244). Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the

4

arbitrator's jurisdiction, or otherwise was contrary to law . . . a court must grant an order to confirm an arbitration award upon the timely application of a party." *Herrenknecht Corp. v. Best Rd. Boring*, No. 6 Civ. 5106, 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007).

### B. Confirmation of the Arbitral Award

On the basis of the Award, and on the very limited review that is appropriate, the Court finds summary judgment warranted, as the Union has shown there is no material issue of fact in dispute. Arbitrator Scheinman acted within the scope of the authority granted him by the parties. *See* Dkt. 24-4, at 52–54; Award at 2. Having considered the evidence adduced by the parties, including the stipulated facts, Arbitrator Scheinman ordered respondents to pay the Union $202,682.53, representing total fees, advances, royalties, pension and health contributions, and union dues, Award at 1–2. The parties had stipulated to that remedy. Dkt. 24-4 at 52–54; Award at 2.

Based on the complete lack of factual dispute noted in the Award, the Court concludes that there is at least a "barely colorable justification for the outcome reached," and by all indications a more than colorable one. *Landy Michaels Realty Corp. v. Loc. 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992). Accordingly, the Court confirms the Award in favor of the Union, for a total amount of $202,682.53.

### C. Attorneys' Fees and Costs Associated with This Action

The Union also seeks fees and costs incurred in bringing the instant Petition. Pet. ¶ 25. It has filed contemporaneous time sheets in support. *See* Pordy Decl., Ex. 6 (attorney time records); *id.* at 6 (filing and service costs). The Second Circuit has held that "[i]n actions for the confirmation and enforcement of arbitral awards, a court may award attorneys' fees if the party challenging the award has refused to abide by an arbitrator's decision without justification." *First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Emps.*, 118 F.3d 892, 898 (2d

5

Cir. 1997) (citation omitted); *see, e.g., Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. All. Workroom Corp.*, No. 13 Civ. 5096, 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) ("[C]ourts have routinely awarded attorney['s] fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court.") (quoting *Abondolo v. H. & M.S. Meat Corp.*, No. 7 Civ. 3870, 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008))); *Herrenknecht Corp.*, 2007 WL 1149122, at *6 (awarding fees and costs when defendant refused to participate in arbitral proceedings, failed to satisfy, or even contest, the arbitral award, and failed to oppose the petition to confirm award); *N.Y. Dist. Council of Carpenters Pension Fund v. A Plus Flooring*, No. 7 Civ. 4070, 2007 WL 2947464, at *3 (S.D.N.Y. Oct. 9, 2007) (Second Circuit precedent supports award of fees where defendant did not present any justification or reason for failure to abide by arbitrator's decision); *Stage Dirs. & Choreographers Soc'y v. Paradise Square Broadway Ltd. P'ship*, No. 22 Civ. 6252 (PAE), 2022 WL 17249460, at *3 (S.D.N.Y. Nov. 28, 2022) (awarding attorneys' fees where defendant failed to either pay the award or file a motion to vacate or modify).

Here, respondents agreed to submit all disputes governed by the terms of the CBA to binding arbitration, but without justification, they have not complied with the Award or appeared in these confirmation proceedings. That is so despite respondents' having stipulated to the remedy awarded by the arbitrator and to the underlying facts. Pet. ¶ 20. Under these circumstances, the Court finds it appropriate to award the Union reasonable attorneys' fees and costs incurred in pursuing this action.

To determine appropriate attorneys' fees, district courts use the "lodestar method," in which the number of hours reasonably expended is multiplied by a reasonable hourly rate. *See, e.g., McDonald v. Pension Plan of the NYSA–ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir.

2006) (per curiam). "[O]nly those hours reasonably expended are to be awarded." *Id.* at 96. And a reasonable hourly rate must be "in line with . . . prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). A district court "may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application." *McDonald*, 450 F.3d at 96 (citation omitted).

Here, the Union seeks $18,000 in fees for 56 hours of legal work, based on its counsel's contemporaneous time records. *See* Pordy Decl., Ex. 6. The fees sought by the Union, however, are excessive because the application seeks compensation for services beyond those properly recompensed. Counsel's time records indicate that of the 56 hours of legal work underlying the fee application, only 26.75 hours were expended after the Award issued on October 21, 2024. *See id.* at 3. The balance was incurred before, or during the arbitration on August 1, 2024. *See id.* at 2–3. These expenses thus by definition were not incurred for legal work in support of the Union's petition to *confirm* the Award. They are thus not recoverable in this action. The Union's fee application seeks compensation not for its work in the arbitration, but for the work it was required to undertake after respondents failed to abide by the arbitrator's decision. *See e.g., Stage Dirs. & Choreographers Soc'y*, 2022 WL 17249460, at *4 (petitioner sought, and court awarded, "reasonable attorneys' fees and costs incurred in pursuing this action"); *Trs. for the Mason Tenders Dist. Council Welfare Fund v. Fraser Constr.*, Inc., No. 21 Civ. 831, 2021 WL 2186428, at *2 (S.D.N.Y. May 28, 2021) ("[T]he Court finds that Petitioners are entitled to attorneys' fees and costs incurred in connection with the Petition and Amended Petition."); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund*, 2013 WL 6498165, at *6 (awarding fees "incurred in prosecuting [confirmation] action"); *see also, e.g., Trs. of N.Y. Nurses Ass'n Pension*

*Plan v. White Oak Glob. Advisors, LLC*, 102 F.4th 572, 615 (2d Cir. 2024) (fee award "usually" limited "to those [fees] that would not have been incurred but for the bad faith"); *U.S. Fidelity & Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 74 (2d Cir. 2004) ("Under the American Rule, it is well established that attorneys' fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor."). The Court therefore finds that the Union may recover fees for the 26.75 hours of legal work that its attorneys recorded in connection with this action.

Of those 26.75 hours, 12.25 hours were recorded by partner Hope Pordy at a rate of $375 an hour, and 14.50 hours were recorded by associate Elizabeth Sprotzer at a rate of $275 per hour. *See* Pordy Decl. ¶ 32; *id.*, Ex. 6 at 3–6. The Court finds those rates reasonable and in line with other attorneys' fees awarded in similar actions in this District. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund*, 2013 WL 6498165, at *7 (collecting cases); *Drywall Tapers & Pointers of Greater New York Loc. Union 1974 v. Drywall & Acoustics of Ne., Inc.*, No. 23 Civ. 1918, 2023 WL 8602924, at *4 (S.D.N.Y. Dec. 12, 2023); *Stage Dirs. & Choreographers Soc'y*, 2022 WL 17249460, at *4. Therefore, the Court calculates the total value of the attorneys' fees incurred in pursuing the confirmation of the arbitral award to be $8,581.25.

The requested costs associated with this case—$405 in filing fees, and process server fees totaling $1,524.45—are likewise reasonable and documented. *See* Pordy Decl., Ex. 6, at 7.

The Court therefore awards the Union $10,510.70 in attorneys' fees and costs.

**D.     Pre-Judgment Interest**

The Union also seeks pre-judgment interest. *See* Pet. at 8. The Court has "broad discretion to award pre-judgment interest." *Andes Petroleum Ecuador Ltd. v. Occidental Expl. & Prod. Co.*, No. 21-3039-cv, 2023 WL 4004686, at *3 (2d Cir. June 15, 2023). And "New

8

York law provides for prejudgment interest running from the date of an arbitration award until the entry of final judgment." *Finger Lakes Bottling Co. v. Coors Brewing Co.*, 748 F. Supp. 2d 286, 292 (S.D.N.Y. 2010). Courts have recognized that "prejudgment interest is appropriate" where, as here, "the agreement between the parties states that an arbitration decision is final and binding." *First Cap. Real Estate Invs., L.L.C. v. SDDCO Brokerage Advisors, LLC*, 355 F. Supp. 3d 188, 197 (S.D.N.Y. 2019); *see* Pet. ¶ 12 (quoting agreement).

The Court grants the Union pre-judgment interest calculated from the date of the Award until the entry of judgment. In accord with "the common practice among the courts of this Circuit," the Court sets the interest rate at 9%. *N.Y.C. Dist. Council of Carpenters Pension Fund v. E. Millenium Const., Inc.*, No. 3 Civ. 5122, 2003 WL 22773355, at *3 (S.D.N.Y. Nov. 21, 2003); *see also, e.g., N.Y. City Dist. Council of Carpenters v. Metro Furniture Servs. LLC*, No. 11 Civ. 7074, 2012 WL 4492384, at *3 (S.D.N.Y. Sept. 28, 2012) ("[T]he common practice among courts within the Second Circuit is to grant interest at a rate of 9%, the rate of prejudgment interest under New York State law." (citation omitted)). Thus, the Court grants pre-judgment interest of 9% on the total amount of the Award, $291,651.05, from the date of the Award, October 21, 2024.

### E.  Post-Judgment Interest

The Union, finally, seeks post-judgment interest. Pet. ¶ 24. Such interest "shall be allowed on any money judgment in a civil case recovered in a district court . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a); *see Stage Dirs. & Choreographers Soc'y*, 2022 WL 17249460, at *4 (awarding post-judgment interest where petition for confirmation of arbitral award did not explicitly seek it); *Mulligan Funding LLC v. Tommy Interior Contracting Corp.*, 741 F. Supp. 3d

9

1, 16 (E.D.N.Y. 2024) ("Plaintiff does not seek post-judgment interest, but the very language of 28 U.S.C. § 1961 ensures that an award of post-judgment interest is mandatory in any civil case where money damages are recovered." (citation omitted)); *cf. Nat'l Union Fire Ins. Co. of Pittsburgh v. S. Coal Corp.*, No. 17 Civ. 1329, 2017 WL 5714117, at *3 (S.D.N.Y. Nov. 27, 2017). Awards of post-judgment interest under § 1961 are mandatory. *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (collecting cases). An order confirming an arbitral award is to be "docketed as if it was rendered in an action," and "have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13(c). Accordingly, § 1961 applies to actions to confirm arbitral awards. *See, e.g., Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004) (awarding post-judgment interest in case arising from arbitration); *Tru-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017). The Court therefore also awards interest to accrue from the date judgment is entered until payment is made.

## CONCLUSION

For the reasons stated above, the Court confirms the Award in favor of the Union and issues judgment in the amount of $202,682.53, plus (1) pre-judgment interest of 9%, to accrue from the date of the Award through the date of this judgment, (2) post-judgment interest, to accrue from the date of this judgment until payment is made, and (3) attorneys' fees and costs in the amount of $10,510.70. The Court respectfully directs the Clerk of Court to enter judgment accordingly, to terminate all pending motions, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: May 8, 2025
       New York, New York